SMITH, GAMBRELL & RUSSELL, LLP
ANNE K. EDWARDS (SBN 110424)
THEODORE H. DOKKO (SBN 263830)
aedwards@sgrlaw.com
tdokko@sgrlaw.com
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213 358-7200
Facsimile: 213-358-7300

Attorneys for Plaintiff
OSTRICH INTERNATIONAL COMPANY, LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION AT LOS ANGELES**

OSTRICH INTERNATIONAL COMPANY, LTD., a foreign corporation,

Plaintiff,

vs.

MICHAEL A. EDWARDS GROUP INTERNATIONAL, INC., a California corporation, dba MAE Group International, Inc.; MICHAEL A. EDWARDS, an individual; and DOES 1-25, inclusive

Defendants.

Case No.

**COMPLAINT FOR:**

**1. BREACH OF CONTRACT**
**2. VIOLATION OF THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS**
**3. FRAUDULENT INDUCEMENT TO CONTRACT, FRAUD, DECEIT**
**4. FRAUDULENT MISREPRESENTATION AND CONSPIRACY TO DEFRAUD**
**5. SUPPRESSION AND CONCEALMENT OF MATERIAL FACT AND CONSPIRACY TO DEFRAUD**
**6. NEGLIGENT MISREPRESENTATION**
**7. RESTITUTION AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Ostrich International Company, Ltd., by and through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under 28 U.S.C. §1332(a), because this is a civil action between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of costs and interests.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(a), because a substantial part of the events giving rise to the claims occurred within this judicial district. Specifically, the agreement that is the subject of this action was entered into and to be performed in part in the County of Los Angeles, State of California.

## PARTIES

3. Plaintiff Ostrich International Company, Ltd., ("Ostrich") a corporation organized under the laws of Japan with its principal place of business in Yokohama, Japan.

4. Defendant Michael A. Edwards Group International, Inc., , doing business as MAE Group International, ("MAE Group")was at all times relevant hereto a corporation organized and existing under the laws of the state of California, with its principal place of business in San Dimas, California.

5. Defendant Michael A. Edwards ("Edwards") was, and at all relevant times herein was, an individual and citizen of the State of California.

6. Defendants, MAE Group and Edwards, may hereinafter collectively be referred to as "Defendants".

7. Plaintiff is informed and believes that MAE Group and Edwards are, and at all times herein mentioned were, *alter egos*, successors, agents, servants, employees, and representatives of each other, and were at all times herein mentioned acting within the scope, purpose and authority of such *alter–ego*, successor, agency, service, employment and representation and with the permission, knowledge, and

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

consent of each other.

8. At all times herein mentioned in this Complaint there existed a unity of interest and ownership between Defendants Edwards and MAE Group such that any individuality and separateness between the defendants has ceased, and Defendant MAE Group is the *alter ego* of Defendant Edwards. Plaintiff is informed and believes that:

a. Defendant Edwards influences and governs Defendant MAE Group;

b. there is a comingling of funds and other assets between Defendants Edwards and MAE Group;

c. Defendant MAE Group's corporate structure is used as a shell, instrumentality, and a conduit for a single business venture under the control of Defendant Edwards;

d. the corporate formalities of Defendant MAE Group have been ignored;

e. MAE Group has been undercapitalized in a sum of money insufficient to meet the reasonable requirements of a corporation; and

f. the interrelationship between Defendant Edwards and MAE Group are such that an adherence to the fiction of the separate existence of these named defendants would promote injustice.

9. There is a unity of interest between Defendants Edwards and MAE Group International, such that separate personalities of the corporation and the individual no longer exist and that an inequitable result and/or fraud will follow if the acts of MAE Group are treated as separate from Edwards. As a result, Edwards and MAE Group are inseparable from each other.

10. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, and, therefore, sues said Defendants by such fictitious names and will ask

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

leave of court to amend this Complaint to show their true names and capacities when the same has been ascertained.

11. At all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venture, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in doing the things alleged herein.

## VENUE

12. Defendant MAE Group is, and at all times mentioned in this complaint has been, a California corporation, doing business in California, and authorized to do business in California, with its principal place of business in the City of San Dimas, the County of Los Angeles, in the State of California.

## GENERAL ALLEGATIONS

13. At the very initial stages of the worldwide COVID-19 pandemic, in reliance upon MAE Group's representations, assurances, and promises regarding MAE Group's ability to meet Ostrich's needs for 3M face masks, Ostrich agreed to purchase 2,200 cases of 3M Earloop Procedure Face Mask 1820 (Part No. 7000002831) (600/case) and 10 cases 3M High Fluid Resistant Procedure Masks with Face Shield (Part No. 70000128704) (300/case) (collectively "3M Face Masks").

14. On or about February 5, 2020, Ostrich and MAE Group executed an agreement (the "Agreement") that provided MAE Group to deliver the 2,200 cases of 3M Earloop Procedure Face Masks (1,320,000 face masks) and 10 cases of 3M High Fluid Resistant Procedures Masks with Face Shield (3,000 face masks).

15. In consideration for the delivery of the 3M Face Masks, Ostrich was to pay MAE Group Three Hundred Thirty Four Thousand Dollars ($334,000.00 USD) with a shipment date of February 28, 2020. A redacted copy of the Agreement is attached hereto and incorporated herein as Exhibit "A".

16. Ostrich paid to MAE Group all $334,000 for the delivery of the 3M Face

Masks via wire transfer as instructed by the Agreement.

17. MAE Group failed to deliver any of the 3M Face Masks.

18. On or about March 12, 2020, Ostrich cancelled the order for all 2,200 cases of the 3M Earloop Procedure Face Masks and all 10 cases of the 3M High Fluid Resistant Procedures Masks with Face Shield.

19. On or about March 19, 2020, Ostrich demanded that MAE Group refund the $334,000 paid by Ostrich for the undelivered 3M Face Masks.

20. MAE Group has failed to return any of the $334,000 to Ostrich, claiming instead that a third party, AETCO, Inc., has the money paid by Ostrich and that legal action has to be instituted against AETCO for refusing to refund the $334,000 and fraud.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

21. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

22. On or about February 5, 2020, Ostrich and MAE Group executed the Agreement that provided, in pertinent part, as follows:

a) MAE Group to deliver 2,200 cases of 3M Earloop Procedure Face Masks (600/case)

b) MAE Group deliver 10 cases of 3M High Fluid resistant Procedure Masks with Face Shield (300/case).

c) The purchase price for the 3M Face Masks would be $334,000.00 (USD).

d) Delivery of the 3M Face Masks would be by February 28, 2020.

23. Ostrich has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of its agreement with Defendants, except to the extent such terms and conditions to be performed by Ostrich, have been excused by Defendants' breaches and

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

nonperformance of the agreement.

24. On or about February 28, 2020, and continuing thereafter by means of the conduct alleged herein, Defendants breached their agreement with Ostrich by failing to deliver to Ostrich the 3M Face Masks.

25. Because time was of the essence, Ostrich was unable to wait for substitute conforming goods, and was unable to meet its own delivery obligations.

26. As a direct and proximate result of Defendants' breaches of and failure to perform their agreement with Ostrich, as alleged herein above, and as may be shown at trial of this action, Ostrich has been damaged in an amount not presently ascertained with certainty but which will be established according to proof at trial, but which is not less than $334,000.00 (USD).

27. By reason of Defendants' conduct, Ostrich has incurred interest, attorney's fees, losses due international exchange rates, and costs and will continue to do so until the conclusion of this action, and upon prevailing in this action, Ostrich will be entitled to recover such interest, exchange rate losses, attorney's fees and costs from Defendants, pursuant to the agreement between the parties and by statute.

## SECOND CAUSE OF ACTION

**(For Violation of the United Nations Convention on Contracts for the International Sale of Goods)**

28. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

29. The Convention on Contracts for the sale of International Sale of Goods ("CISG") applies to the sales of good between parties in contracting States when the parties have not expressly excluded the application of the CISG at the time of contract formation. CISV Art. 1(1)(a).

30. The United States and Japan are contracting states to the CISG.

31. The Agreement did not expressly exclude application of the CISG at the time of contract formation.

32. The Agreement constitutes a valid and binding contract between Ostrich and MAE Group.

33. Ostrich has fully performed all of its obligations under the Agreement by paying MAE Group the original amount set forth in the Agreement of $334,000.00. Furthermore, all conditions precedent have been performed and have occurred.

34. Despite Ostrich performing all of its obligations under the Agreement, MAE Group has, without justification, refused to deliver the 3M Face Masks to Ostrich.

35. Pursuant to Article 33 of the CISG, the seller "must deliver the goods: if a period of time is fixed by or determinable from the contract, at any time within that period..." CISG Art. 33. Under the Agreement, MAE Group agreed to deliver the 3M Face Masks by February 28, 2020. MAE Group violated Article 33 of the CISG by failing to deliver the 3M Face Masks to Ostrich on or before February 28, 2020.

36. Ostrich has consistently and repeatedly demanded that MAE Group return the $334,000.00 paid by Ostrich for the delivery of the 3M Face Masks to no avail.

37. MAE Group's failure to perform its obligations under the Agreement amounts to a fundamental breach of the Agreement pursuant to Article 49 of the CISG.

38. Defendants are therefore liable to Ostrich for lost profits, incidental and consequential damages, and associated fees and costs regarding MAE Group's wrongful conduct.

39. As a result of MAE Group's fundamental breach of the Agreement, Ostrich has been damaged in an amount not presently ascertained with certainty but which will be established according to proof at trial, but which is not less than $334,000.00 (USD).

**<u>THIRD CAUSE OF ACTION</u>**

**(Fraudulent Inducement to Contract, Fraud, and Deceit)**

SMITH, GAMBRELL & RUSSELL, LLP
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213 358-7200

40. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

41. Ostrich is informed and believes, and based on such information and belief alleges, MAE GROUP, through managing employees, knowingly, voluntarily, and intentionally induced Ostrich to enter into an agreement that MAE Group never intended to perform, not having the ability to deliver the 3M Face Masks. Further, Defendants knew that Ostrich would justifiably rely to its detriment upon these fraudulent inducements, and that such conduct would be deceitful and the proximate and direct cause of damages to Ostrich.

42. Ostrich justifiably relied on false representations made by MAE Group during the negotiations regarding the availability and delivery of the 3M Face Masks.

43. Based on the foregoing, Ostrich should be awarded damages for Fraudulent Inducement to Contract, Fraud, Deceit that were proximately and directly caused by the Defendants, as well as out-of-pocket, exemplary, and punitive damages.

44. In fraudulently inducing Ostrich to contract with them, Defendants' conduct was willful, fraudulent, and intended to cause injury to Ostrich by preventing Ostrich from meeting its delivery obligations.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

## FOURTH CAUSE OF ACTION

**(Fraudulent Misrepresentation and Conspiracy to Defraud)**

45. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

46. Ostrich informed and believes and on that basis alleges that each of the representations of Defendants alleged hereinabove, including their representations regarding the production and delivery capability capacity aware false when made and known by Defendants to be false when made.

47. Ostrich is now informed and believes and on that basis alleges that Defendants, and each of them, made the foregoing false representations with the intent to defraud Ostrich. Ostrich is informed and believes and on that basis alleges that at

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

the time each such representation was made by Defendants to Ostrich, Defendants knew that such representations were false.

48. Ostrich reasonably and justifiably relied upon the false representations of Defendants by agreeing to purchase and pay for the 3M Face Masks, and by paying and incurring other expenses, all of which Ostrich would not have incurred or paid but for its reliance upon Defendants' false representations of material fact.

49. At all times relevant hereto, Ostrich was unaware of the falsity of Defendants' above-alleged misrepresentations of fact, but instead believed them to be true. Ostrich acted in reliance upon the truth of the above-alleged representations of material fact, and was justified in so acting by reason of the course of dealing of the parties.

50. Defendants intended to and did conspire with each other to enrich themselves at Ostrich's expense.

51. As the direct and proximate result of Ostrich's justifiable reliance upon the truth of the false representations of Defendants as alleged hereinabove, Ostrich has sustained damages in an amount to be established according to proof at trial, but which is in an amount not less than $334,000.00.

52. In doing the acts alleged herein, Defendants, and each of them, acted with fraudulent intent, malice, oppression, and in conscious disregard of Ostrich's rights. By reason of such conduct by Defendants, Ostrich is entitled to an award of exemplary and punitive damages against defendants, and each of them, in an amount sufficient to sanction defendants and to deter such conduct in the future.

**FIFTH CAUSE OF ACTION**

**(Suppression and Concealment of Material Facts and Conspiracy To Defraud)**

53. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

54. By engaging in the fraudulent conspiracy alleged herein, Defendants and

each of them, intentionally and with intent to defraud Ostrich, concealed and suppressed material facts which defendants had a duty to disclose to Ostrich. Specifically, Defendants failed to disclose to Ostrich that Defendants were was actually incapable of performing in accordance with the Defendants' representations, promises and assurance and that MAE Group actually incapable of satisfying Ostrich's delivery requirements,

55. At all times, Ostrich was unaware of Defendants' concealment of these material facts and instead, Ostrich believed defendants' representations, assurances and promises concerning MAE Group’s delivery capabilities. Ostrich acted in reliance upon the truth of the above-alleged representations of promises, and was justified in so acting by reason of the course of dealing of the parties, including the oral and written assurances given by Defendants to Ostrich.

56. Had Ostrich known that Defendants had concealed the true facts, it never would have purchased the 3M Face Masks and would never have incurred any of the fees, charges, costs and expenses relating thereto, and it would not have suffered the lost sales, lost profits, and other consequential damages, to be established according to proof at trial.

57. As the direct and proximate result of Ostrich's ignorance of the true facts that had been concealed by Defendants as alleged hereinabove, Ostrich has sustained damages in an amount to be established according to proof at trial, but which is in an amount not less than $334,000.00.

58. In doing the acts alleged herein, Defendants, and each of them, acted with fraudulent intent, malice, oppression, and in conscious disregard of Ostrich's rights. By reason of such conduct by Defendants, Ostrich is entitled to an award of exemplary and punitive damages against Defendants, and each of them, in an amount sufficient to sanction defendants and to deter such conduct in the future.

**SIXTH CAUSE OF ACTION**

**(Negligent Misrepresentation)**

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

59. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

60. Ostrich is informed and believes and on that basis alleges that Defendants, and each of them, made each of the material false representations, assurances and promises regarding MAE Group's ability to deliver the 3M Face Masks without any reasonable basis for believing them to be true, and should have known that such representations, assurances and promises were materially false.

61. Ignorant of the falsity of Defendants' representations, assurances and promises regarding the delivery of the 3M Face Masks, Ostrich justifiably relied on same to its detriment as alleged herein.

62. Ostrich was unaware of the falsity of Defendants' representations, assurances, and promises regarding the delivery of the 3M Face Masks, and instead believed them to be true. Ostrich acted in reliance upon the truth of the above-alleged representations, assurances and promises, and was justified in so acting by reason of the course of dealing between the parties.

63. As the direct and proximate result of Ostrich's justifiable reliance upon the truth of the false representations, assurances, and promises of Defendants as alleged hereinabove, Ostrich has sustained damages in an amount to be established according to proof at trial, but which is in an amount not less than $334,000.00.

**SEVENTH CAUSE OF ACTION**

**(RESTITUTION AND UNJUST ENRICHMENT)**

64. Ostrich realleges and incorporates by reference, as though fully set forth herein, each and every preceding paragraph alleged in this Complaint.

65. By reason of the wrongful conduct of Defendants as alleged herein, Defendants have unjustly enriched themselves at the expense of Ostrich, and Defendants are therefore now duty-bound by law to disgorge, pay over and make restitution to Ostrich for the full amount of all benefits Defendants have unjustly obtained from Ostrich, in an amount to be established according to proof a trial, and

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

which amount Ostrich reasonably estimates to be in excess of $334,000.00.

66. Neither the whole nor any part of the above-sum has been paid, leaving an amount due, owing and unpaid to Ostrich, in an amount in excess of $334,000.00, together with prejudgment interest thereon as provided by law.

67. It would be manifestly inequitable to permit MAE Group to be unjustly enriched to its benefit at the expense of Ostrich.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ostrich International Company, Ltd, prays judgement against Defendants, and each of them as follows:

1. For damages according to proof at trial in an amount in excess of $334,000.00

2. For pre-judgment interest thereon at the legal rate per anum.

3. For an order avoiding the Agreement pursuant to Article 49 of the CISG.

4. For the amount of $334,000.00 pursuant to Article 81 of the CISG.

5. For disgorgement by Defendants and restitution to Ostrich of the amount Defendants have been unjustly enriched at the expense of Ostrich, in an amount to be established at trial, in excess of $334,000.00.

6. For interest on the $334,000, from the date of payment until MAE Group refunds the $334,000 pursuant to Article 84 of the CISG.

7. For damages in an amount to be proven at trial for any and all lost profits suffered by Ostrich as a consequence of MAE Group's breach of the Agreement

8. For punitive damages in an amount sufficient to defer future similar conduct by Defendants.

9. For costs of suit and fees herein, attorney's fees, and for such other and further relief as the Court may deem just and proper.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

DATED: January _22, 2021 SMITH, GAMBRELL & RUSSELL, LLP

By: */s/ Theodore H. Dokko*
Anne K. Edwards
Theodore H. Dokko
Attorneys for Plaintiff
OSTRICH INTERNATIONAL COMPANY, LTD.

# EXHIBIT "A"

MAE Group International Inc.
8780 19th Street Suite 307
Alta Loma, CA 91701
USA

MAE GROUP INTERNATIONAL

Voice: +909 466 7577
Fax: +909 466 7579

# Proforma Invoice

06446
Proforma Date:
Feb 5, 2020
Ship By:
Feb 28, 2020

Sold To:
Ostrich International Co. Ltd
1-14-20-301 Shinyokohama
Kohoku-ku
Yokohama, Kanagawa 222-0033
Japan
Phone: 81-45-470-9041
Fax: 81-45-470-9043

Ship To:
Ostrich International Co. Ltd
1-14-20-301 Shinyokohama
Kohoku-ku
Yokohama, Kanagawa 222-0033
Japan

1

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| LU-OST002 | 200205043 | |
| Customer Contact | Shipping Method | Payment Terms |
| Mr. Hiroshi Suzuki | Freight Forwarder | Prepaid |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 2,200 | LU-3M-7000002831 | Model 7000002831 - 3M Earloop Procedure Face Mask 1820, Part # 7000002831 600/Case | 150.00 | 330,000.00 |
| 10 | LU-3M-7000128704 | Model 7000128704 - 3M High Fluid Resistant Procedure Mask with Face Shield, 1840FS 300/Case | 400.00 | 4,000.00 |

These commodities, technology or software are to be exported from the United States in accordance with Export Administration regulations for final destination to Japan Diversion contrary to U.S. Law is prohibited.
Distribution or resale of the items listed on this license is authorized within the country of ultimate destination listed below only. No reexport is permitted without prior U.S. Government authorization. If further reexport/resale authority is required, it must be obtained in writing from the Office of Export Licensing. The only exemptions to this requirement are listed in parts 740.11, Part 734.4 and throughout part 740 Section of the Export Administration Regulations.

| | |
|---|---|
| Subtotal | 334,000.00 USD |
| Sales Tax | 0.00 USD |
| TOTAL ORDER AMOUNT | **334,000.00 USD** |

Bank Wire Transfer Information:

In favor of MAE Group International Inc
US BANK
6644 Carnelian Street
Rancho Cucamonga, California 91701
ABA#: 122235821 ACC#: 165980757059 SWIFT: USBKUS44IMT
Wire transfer only for payments in excess of USD $5000.00

LINK-UP INTERNATIONAL
A division of MAE Group International Inc.

MAE EXPORT MANAGEMENT
A division of MAE Group International Inc.

MAE LOGISTICS
A division of MAE Group International Inc.