ANNE K. EDWARDS (SBN 110424)
THEODORE H. DOKKO (SBN 263830)
**SMITH, GAMBRELL & RUSSELL, LLP**
444 South Flower Street Suite 1700
Los Angeles, California 90071
Telephone: 213 358-7200
Facsimile: 213 358-7300
Email: aedwards@sgrlaw.com
tdokko@sgrlaw.com

Attorneys for Plaintiff
OSTRICH INTERNATIONAL COMPANY, LTD

[Additional counsel on following page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSTRICH INTERNATIONAL COMPANY, LTD., a foreign corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL A. EDWARDS GROUP INTERNATIONAL, INC.., a California corporation, dba MAE Group International, Inc.; MICHAEL A. EDWARDS, an individual; and DOES 1-25, inclusive,<br><br>　　　　　　　Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS AND THIRD PARTY COMPLAINTS, | Case No. 2:21-cv-06639-JVS-AS<br><br>**PLAINTIFF AND THIRD-PARTY PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE DISMISSAL AND ENTER STIPULATED JUDGMENTS**<br><br>Date: February 27, 2023<br>Time: 1:30 P.M.<br>Courtroom: 10C |

Eugene S. Suh (SBN 245313)
The Law Offices of Eugene S. Suh
135 S. State College Blvd., Suite 200
Brea, California 92821
Telephone: (714) 987-6211
Facsimile: (714) 987-6101
E-mail: esuh@suhlegal.com

Attorneys for Defendant/Third Party Plaintiff/
Cross-Defendant
MICHAEL A. EDWARDS GROUP
INTERNATIONAL, INC. and
Defendant/Third Party Plaintiff
Michael A. Edwards

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

**PLAINTIFF AND THIRD-PARTY PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE DISMISSAL AND ENTER STIPULATED JUDGMENTS**

SGR/41945241.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** on February 27, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, before The Honorable James V. Selna in Courtroom 10C of the United States District Court for the Central District of California, located at 414 W. 4th Street, Santa Ana, California 92701, Plaintiff Ostrich International Company, Ltd. ("Ostrich") and Third-Party Plaintiffs Michael A. Edwards Group International, Inc. ("MAE Group") and Michael A. Edwards will and hereby do move this Court for an order vacating its dismissal pursuant to Federal Rule of Civil Procedure 60(b), and for entry of the stipulated judgments, to include the amount remaining due under the parties' settlement agreement, prejudgment interest, attorney's fees and costs, and for statutory postjudgment interest. This motion is made on the grounds that Defendants MAE Group and Edwards and Third-Party Defendants AETCO, Inc. ("AETCO") and Deepmala Sengupta ("Sengupta") are in material breach of the terms of the parties' settlement agreement, and have previously consented to this remedy in the event of such breaches.

Pursuant to Local Rule 7-3, Plaintiff's and Third-Party Defendants' counsel met and conferred on December 12, 2022, to discuss the Motion to Vacate Dismissal and Enter Stipulated Judgements. Third-Party Plaintiffs' counsel and Third-Party Defendants' counsel met and conferred on December 15, 2022, to similarly discuss the Motion to Vacate and Enter Stipulated Judgments. A resolution could not be reached.

This motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Theodore H. Dokko ("Dokko Decl."), the Declaration of Eugene S. Suh ("Suh Decl.") and any attached exhibits; all matters of which the Court may take judicial notice; the pleadings and other papers on file in this action; and such further evidence and arguments as may be presented at or before the hearing on this motion.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

DATED: January 27, 2023          SMITH, GAMBRELL & RUSSELL, LLP

By: ___*/s/ Theodore H. Dokko*___
Anne K. Edwards
Theodore H. Dokko
Attorneys for Plaintiff OSTRICH
INTERNATIONAL COMPANY,
LTD

DATED: January 27, 2023          THE LAW OFFICE OF EUGENE S. SUH, APC

By: ___*/s/ Eugene S. Suh*___
Eugene S. Suh
Attorneys for Defendant/Third Party
Plaintiff/Cross-Defendant
MICHAEL A. EDWARDS GROUP
INTERNATIONAL, INC. and
Defendant/Third Party Plaintiff
Michael A. Edwards

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing of this notice, and have authorized its filing.

DATED:  January 27, 2023          SMITH, GAMBRELL & RUSSELL, LLP

By: ___*/s/ Theodore H. Dokko*___
Theodore H. Dokko
Attorneys for
OSTRICH INTERNATIONAL
COMPANY, LTD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Good cause exists for the Court to vacate the dismissal and to enter the previously agreed-upon Stipulated Judgments against Defendants MAE Group and Edwards and Third-Party Defendants AETCO and Sengupta for their failure to make payments required under the Parties' Settlement Agreement and Mutual Releases ("Settlement Agreement").

In April 2022, the Parties engaged in a Mandatory Settlement Conference with Magistrate Judge Alka Sagar. *See* Civil Minutes, ECF No. 38. The Parties reached a settlement at a post-settlement conference on May 2, 2022 (*See* Civil Minutes, ECF No. 40), and filed a Joint Notice of Settlement (*See* Joint Notice of Settlement, ECF No. 41). The Court having been advised of the settlement, dismissed the action in its entirety without prejudice to the right, upon good cause being shown within 300 days, to reopen the action if settlement is not consummated on May 10, 2022. *See* Order of Dismissal Upon Settlement of Case, ECF No. 42.

In resolving the action, the third-party complaint, and the cross-complaint, Defendants MAE Group and Edwards specifically agreed to pay Ostrich a total sum of $22,621.00 within 30 days of execution of the Settlement Agreement. The $22,621.00 was to be paid by wire transfer according to wire instructions provided in the Settlement Agreement.

Third-Party Defendants AETCO, Inc. and Sengupta specifically agreed in the Settlement Agreement to pay Ostrich a total sum of $311,379.00. The $311,379.00 amount was to be paid in three payments to Ostrich: (1) $111,379.00 within 30 days of execution of the Settlement Agreement; (2) $100,000.00 by August 1, 2022; (3) $100,000.00 by November 1, 2022. The three payments of $311,379.00 were also to be paid by wire transfer according to the Settlement Agreement's wire instructions.

The Settlement Agreement provides for Plaintiff to enforce the Stipulated Judgment against Defendants and for Third-Party Plaintiffs to enforce the Stipulated

Judgment against Third-Party Defendants, if they were to materially breach the Settlement Agreement and failed to cure the breach. Defendants and Third-Party Defendants have not cured. Accordingly, pursuant to Fed. R. Civ. Proc. Rule 60(b)(c) Plaintiffs and Third-Party Plaintiffs, respectfully moves this Court to vacate its dismissal and enter the Stipulated Judgments against Defendant in the amount of $234,000.00 and Third-Party Defendants in the amount of $211,379.00, plus interest and attorney's fees.

## II.   FACTUAL BACKGROUND

On January 22, 2021, Plaintiff brought an action for breach of contract against Defendants MAE Group and Edwards. On April 13, 2021, MAE Group and Edwards filed a third-party complaint against AETCO and Sengupta. On May 12, 2021, AETCO brought a cross-complaint against MAE Group.

With a settlement agreed to in principal, the Court entered dismissal without prejudice to reopen the action if settlement was not consummated within 300 days, on May 10, 2022. The Parties entered into a Confidential Settlement Agreement and Mutual Releases ("Settlement Agreement") on May 18, 2022 to resolve their disputes. Dokko Decl. ¶2. The Settlement Agreement was fully executed on June 1, 2022. Notwithstanding the dismissal, the Parties "irrevocably agree[d] to submit to the jurisdiction of the Court in the case of default as described in paragraph 4 and shall not oppose the filing of any Stipulated Judgment." Dokko Decl. ¶3.

Under the terms of the Settlement Agreement, MAE Group and Edwards would jointly and severally cause Ostrich to be paid $22,621.00 ("MAE Settlement Sum"). This payment was to be made within 30 days of complete execution of the Settlement Agreement. Dokko Decl. ¶4.

AETCO, Inc. and Sengupata, jointly and severally, also agreed in the Settlement Agreement to pay Ostrich a total sum of $311,379.00 ("AETCO Settlement Sum"). This $311,379.00 settlement sum was to be paid in three payments: (1) $111,379.00 by July 1, 2022, 30 days of complete execution of the

1  Settlement Agreement ("First AETCO Settlement Payment"); (2) $100,000.00 by
2  August 1, 2022 ("Second AETCO Settlement Payment"); and (3) $100,000.00 by
3  November 1, 2022 ("Third AETCO Settlement Payment"). Dokko Decl. ¶5.
4      AETCO and Sengupta agreed to "entry of judgment against them, jointly and
5  severally, in the sum of Three Hundred Eleven Thousand, Three Hundred Seventy-
6  Nine and 00/100 Dollars ($311,379.00), in the event the payment of AETCO
7  Settlement Sum is not received by Ostrich as and when required" by the Settlement
8  Agreement. Dokko Decl. ¶6. Concurrent with execution of the Settlement
9  Agreement, AETCO and Sengupta executed a Stipulation for Entry of Judgment
10 ("AETCO Stipulated Judgment") in which "AETCO and Sengupta, jointly and
11 severally, stipulate to a judgment against them in favor of MAE Group and
12 Edwards, in the sum of in the sum of Three Hundred Eleven Thousand, Three
13 Hundred Seventy-Nine and 00/100 Dollars ($311,379.00) (less credit for any
14 payments received by Ostrich from AETCO and Sengupta under this Settlement
15 Agreement)." Dokko Decl. ¶7. The AETCO Stipulated Judgment was to be held in
16 trust by counsel for MAE Group and Edwards. Dokko Decl. ¶8. MAE Group and
17 Edwards would forebear from filing the AETCO Stipulated Judgment unless or until
18 "AETCO and Sengupta…default in making any of the payments described in
19 paragraphs 2.b.i, 2.b.ii, and 2.b.iii of this Settlement Agreement." Dokko Decl. ¶9.
20     MAE Group and Edwards agreed "to entry of judgment against them, jointly
21 and severally, in the sum of Three Hundred Thirty-Four Thousand and 00/100
22 Dollars ($334,000.00), in the event the payment of AETCO Settlement Sum is not
23 received by Ostrich as and when required above." Dokko Decl. ¶10. Concurrent
24 with the execution of the Settlement Agreement, MAE Group and Edwards
25 executed a Stipulation for Entry of Judgment ("MAE Group Stipulated Judgment")
26 in which "MAE Group and Edwards, jointly and severally, stipulate to a judgment
27 against them, in favor of Ostrich, in the sum of Three Hundred Thirty-Four
28 Thousand and 00/100 Dollars ($334,000.00) (less credit for any payments received

by Ostrich under this Settlement Agreement)." Dokko Decl. ¶11. The MAE Group Stipulated Judgment was to be held in trust "until and unless…(ii) AETCO and Sengupta default in making any of the payments described in paragraphs 2.b.i, 2.b.ii, and 2.b.iii of this Settlement Agreement." Dokko Decl. ¶12.

It is contended that an unknown third party was able to divert the MAE Settlement Payment and the First AETCO Settlement Payment as a result of third-party bank/wire fraud. The MAE Settlement Payment, the First AETCO Settlement Payment, and the Third AETCO Settlement Payment were not received by Ostrich. Dokko Decl. ¶13.

While the Second AETCO Settlement Payment was to be paid on August 1, 2022, Ostrich received a wire transfer from AETCO and Sengupta in the amount of $99,980 on August 16, 2022. Dokko Decl.¶14. The Settlement Agreement required "all fees and expenses associated with or required in wiring of funds shall be covered by AETCO and Sengupta for the AETCO Settlement Sum." $20 from the August 16, 2022, payment was deducted by an intermediary bank as a wire transfer fee. *Id.* When informed of this fee that was deducted, counsel for Third-Party Defendants stated that "we will include the additional $20 in the next wire." *Id.*

On October 26, 2022, AETCO and Sengupta contending that they had complied with the Settlement Agreement sought assurances from Ostrich that Ostrich would not seek to enter the stipulated judgment if Ostrich were to receive the Third AETCO Settlement Payment. Dokko Decl. ¶15. No assurances were given. The Third AETCO Settlement Payment was apparently withheld and never received by Ostrich. Dokko Decl. ¶13.

AETCO and Sengupta defaulted on the Settlement Agreement, having failed to make all of the AETCO Settlement Sum payments. In the event of such a default, the Settlement Agreement required Ostrich to send AETCO and Sengupta written notice of the default. On December 5, 2022, Ostrich sent AETCO and Sengupta a notice of default. Dokko Decl. ¶16. On December 15. 2022, Edwards and MAE

4
**MEMORANDUM OF POINTS AND AUTHORITIES**

Group sent AETCO and Sengupta a notice of default. Suh Decl. ¶ 2. Upon failure to cure the default within ten calendar days, Ostrich and MAE Group have the right to submit the AETCO Stipulated Judgment and the MAE Group Stipulated Judgment to the Court for entry of Judgments, with corresponding credits. Dokko Decl. ¶17.

To date, none of the MAE Group Settlement Sum has been received by Ostrich. Dokko Decl. ¶¶13, 14 Only $99,980.00 of the $311,379.00 of the AETCO Settlement Sum has been received by Ostrich. Dokko Decl. ¶14. Ostrich, MAE Group, and Edwards have not received the benefit of the Settlement Agreement that they bargained for when the lawsuit was dismissed. Ostrich, MAE Group, and Edwards are therefore entitled to seek entry of the Stipulated Judgments per the Settlement Agreement.

## III. LEGAL ARGUMENT

### A. The Court Should Vacate Its Dismissal Order Pursuant to Rule 60(b) and Enter the Stipulated Judgment against Defendants.

A federal court "may relieve a party or its legal representative from a final judgment, order, or proceeding for…any other reason that justifies relief." Fed. R. Civ. Proc. Rule 60(b)(6). "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Ass'n Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991); *see also Sidewinder Marine, Inc. v. Nescher*, 440 F. Supp. 680, 682 (N.D. Cal. 1976) ("It would be totally inappropriate to allow defendants to strip federal courts of exclusive jurisdiction over a lawsuit merely by entering a settlement in bad faith."). Further, "in the usual litigation context…courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

The Ninth Circuit has recognized the inherent authority of district courts to vacate dismissal order pursuant to Rule 60(b)(6) when a party repudiates a settlement agreement that, as here, caused the termination of the underlying litigation. *See Keeling v. Sheet Metal Workers Int'l Ass'n.*, 937 F.2d 408, 410 (9th Cir. 1991) (although the "usual course" for a frustrated party, following breach of a settlement agreement, is to "sue anew for breach of the agreement," the "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance [under Rule 60(b)(6)], and it justifies vacating the court's prior dismissal order"). And, since *Keeling*, the Ninth Circuit has continued to affirm that Rule 60(b)(6) relief is warranted when the non-breaching party dismisses the underlying lawsuit, and then fails to obtain the bargained-for benefits of the settlement agreement, as here. *See, e.g., Hermetic Order of Golden Dawn, Inc. v. Griffin*, 400 Fed. Appx. 166, 167 (9th Cir. 2010) ("the repudiation or 'complete frustration' of a settlement agreement can constitute grounds to set aside a judgment under Rule 60(b)(6)").

District courts routinely vacate dismissal orders and reopen cases to enter a judgment for remaining amounts owed under a settlement agreement. *See, e.g., Zurich Am. Ins. Co. v. Petersen-Dean, Inc.*, 2017 WL 2834111 (N.D. Cal. June 30, 2017) (vacating dismissal order pursuant to Rule 60(b)(6) and entering judgment for remaining amount due under settlement agreement); *Xerox Corp. v. Rincon*, 2013 WL 12186170 (S.D. Cal. Oct. 18, 2013) (same); *Howard v. Jackson Exp. Hotel Investments, LLC*, 2010 WL 3025558, at *1 (S.D. Miss. July 30, 2010); see also *Pension Ben. Guar. Corp. v. Boury, Inc.*, 2008 WL 2803798 (N.D.W. Va. July 18, 2008) (vacating dismissal due to noncompliance with final judgment); *Office & Prof. Empl. Intern. Union Local No. 320 v. Int'l Broth, of Boilermakers*, 1992 WL 167009 (D. Kan. June 18, 1992) (vacating dismissal due to breaching party's refusal to fulfill terms of settlement).

6
**MEMORANDUM OF POINTS AND AUTHORITIES**

SGR/41945241.1

There is ample justification here for this Court to vacate its dismissal order and enter the stipulated judgments. Defendants and Third-Party Defendants expressly consented to this procedure (and are therefore estopped from challenging it) under the terms of the settlement agreement. Paragraph 2(c) and (d) of the Settlement Agreement entitles Plaintiff and Third-Party Plaintiff to obtain "entry of judgment…in the event the payment of AETCO Settlement Sum [or the MAE Group Settlement Sum] is not received by Ostrich as and when required." Paragraph 3 also reflects the Parties' agreement that the Court's retention of continuing jurisdiction over the case to enter the Stipulated Judgments in the event of a default by Defendant and Third-Party Defendant. These provisions reflect the parties' unconditional assent to the procedure Ostrich, Edwards, and MAE Group request in this motion.

### B. The Stipulated Judgment Should Include Prejudgment Interest and Attorney's Fees

Ostrich respectfully asks the Court to include in the judgment both prejudgment interest and attorney's fees incurred in enforcing the Settlement Agreement.

California Civil Code § 3289(a) specifies that, in the event of a breach of contract (in this case, a settlement agreement,) "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." Cal. Civ. Code § 3289(a). In the event the contract is silent, the default rate of prejudgment interest is "10 percent per annum after a breach." *Id.* § 3289(b).

MAE Group and Edwards' principal balance of $22,621.00 was due on July 1, 2022.  Interest began accruing at a rate of 10% per year (or 0.0274% per day) beginning on July 2, 2022. This results in the following interest calculation:

Original Balance (as of July 1, 2022): $22,621.00

7
**MEMORANDUM OF POINTS AND AUTHORITIES**

SGR/41945241.1

Interest (240 days @ ($6.1975/day) (July 2, 2022 - February 27, 2023): $1,487.41.

Daily Interest: Each day following hearing until Judgment entered: $6.20.

AETCO and Sengupta principal balance on its First AETCO Settlement Payment of $111,379.00 was due on July 1, 2022. Interest began accruing at a rate of 10% per year (or 0.0274% per day) beginning on July 2, 2022. This results in the following interest calculation:

Original Balance (as of July 1, 2022): $111,379.00

Interest (240 days @ ($30.5148/day) (July 2, 2022 - February 27, 2023): $7,323.55.

Daily Interest: Each day following hearing until Judgment entered: $30.51.

AETCO and Sengupta principal balance on its Third AETCO Settlement Payment of $100,000.00 was due on November 1, 2022. Interest began accruing at a rate of 10% per year (or 0.0274% per day) beginning on November 2, 2022. This results in the following interest calculation:

Original Balance (as of November 1, 2022): $100,000.00

Interest (117 days @ ($27.3973/day) (November 2, 2022- February 27, 2023): $3,205.48.

Daily Interest: Each day following hearing until Judgment entered: $27.40.

The Settlement Agreement further provides that the Stipulated Judgments include attorney's fees and costs in enforcing the Settlement Agreement. The declarations filed in connection with this motion set forth the hourly rates and hours incurred by Ostrich and MAE Group in seeking to enforce the Settlement Agreement since the July 2, 2022, breach date, including the costs and fees in bringing this motion. Ostrich and MAE Group therefore request the Court include in

the Stipulated Judgments the amount of Ostrich's attorney's fees and costs incurred in bringing this motion—$23,206.00 (Dokko Decl. ¶¶19, 20) and MAE Group's attorney's fees--$16,720.00 (Suh Decl., ¶¶3-5).

## IV. CONCLUSION

For the foregoing reasons, Ostrich, Edwards, and MAE Group respectfully request this Court vacate its prior stipulated dismissal order pursuant to Rule 60(b)(6), and enter the Stipulated Judgment against AETCO and Sengupta to include

- (i) the principal amount of $211,379.00 [$111,379.00 (First AETCO Settlement Payment) + $100,000.00 (Third AETCO Settlement Payment)];
- (ii) prejudgment interest of $10,529.03 [$7,323.55 + $3,205.48] plus $57.91 [$30.51 + $27.40] for each day after February 27, 2023, until judgment is entered;
- (iii) Ostrich's costs and attorney's fees in the amount of $23,206.00
- (iv) MAE Group's attorney's fees in the amount of $16,720.00, and;
- (v) postjudgment interest at the statutory rate as specified in 28 U.S.C. § 1961.

Ostrich further requests this Court to enter the Stipulated Judgment against Edwards and MAE Group to include

- i) the principal amount of $234,000.00 [$22,621.00 (MAE Settlement Sum) + $111,379.00 (First AETCO Settlement Payment) + $100,000.00 (Third AETCO Settlement Payment)];
- ii) prejudgment interest of $12,016.44 [$1,487.41 (MAE Group and Edward Settlement Sum interest) + $7,323.55 (First AETCO Settlement Sum interest) + $3,205.48 (Third AETCO Settlement Sum interest)] plus $64.11 [$6.20 + $30.51 + $27.40] for each day after February 27, 2023, until judgment is entered;

9
**MEMORANDUM OF POINTS AND AUTHORITIES**

SGR/41945241.1

| | | |
|---|---|---|
| 1 | iii) | postjudgment interest at the statutory rate as specified in 28 U.S.C. § 1961. |

DATED: January 27, 2023          SMITH, GAMBRELL & RUSSELL, LLP

By:    */s/ Theodore H. Dokko*
        Anne K. Edwards
        Theodore H. Dokko
        Attorneys for Plaintiff OSTRICH INTERNATIONAL COMPANY, LTD

DATED: January 27, 2023          THE LAW OFFICE OF EUGENE S. SUH, APC

By:    */s/ Eugene S. Suh*
        Eugene S. Suh
        Attorneys for Defendant/Third Party Plaintiff/Cross-Defendant MICHAEL A. EDWARDS GROUP INTERNATIONAL, INC. and Defendant/Third Party Plaintiff Michael A. Edwards

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing of this motion, and have authorized its filing.

DATED: January 27, 2023          SMITH, GAMBRELL & RUSSELL, LLP

By:    */s/ Theodore H. Dokko*
        Theodore H. Dokko
        Attorneys for OSTRICH INTERNATIONAL COMPANY, LTD